MHN

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAHMOUD BAGHDADY, | ) |
| Plaintiff/Counter-Defendant, | ) ) ) |
| v. | ) No. 97 C 8794 ) ) Magistrate Judge Maria Valdez |
| ROBBINS FUTURES, INC.; ROBBINS TRADING CO.; JOEL ROBBINS; and MARK MARTIN, | ) ) ) ) |
| Defendants/Counter-Plaintiffs. | ) ) ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants/Counter-Plaintiffs' Robbins Futures, Inc. and Robbins Trading Co.'s [collectively "Robbins"] Petition for Attorneys' Fees [Doc. No. 363]. For the reasons that follow, Robbins' petition is granted, and they are awarded attorneys' fees in the amount of $205,962.60.

## BACKGROUND

Counter-Defendant Mahmoud Baghdady brought this case against Robbins and others, alleging violations of Section 4b of the Commodity Exchange Act, 7 U.S.C. § 6b, among other claims. Robbins asserted three counterclaims against Baghdady: breach of contract, common law fraud, and common law fraud/willful and wanton conduct. Baghdady's claims were tried before a jury, and Robbins' counterclaims were

adjudicated in a concurrent bench trial. In findings of fact and conclusions of law issued on August 22, 2007, this Court found in favor of Robbins on all of their counterclaims. The Court entered a judgment in the amount of $91,142.29, plus interest in the amount of $244,082.11. The Court further determined that Robbins was entitled to an award of attorneys' fees but declined to award a specific amount and ordered Robbins to submit the present fee petition, which was timely filed and supported by documentation including affidavits of Robbins' principal and lead counsel. Baghdady filed no response to the petition.

## DISCUSSION

The district court has considerable discretion in determining the appropriate amount of a fee award. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 551 (7th Cir. 1999). Plaintiffs have the burden to demonstrate to the Court that their attorneys' time expenditures and hourly rates are reasonable. *See Hensley*, 461 U.S. at 437. In their fee petition, therefore, Plaintiffs' attorneys are required to exercise billing judgment, which means they must "'exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary.'" *Spegon*, 175 F.3d at 552 (quoting *Hensley*, 461 U.S. at 434).

When a court reviews a fee petition, "[t]here is no one correct formula for determining a fee award." *Tomazzoli v. Sheedy*, 804. F.2d 93, 97 (7th Cir. 1986). However, a court should not "eyeball[ ] the request and cut it down by an arbitrary percentage because it seemed excessive." *Id.* (citation and internal quotation marks omitted). Rather, "if the district judge wants to grant less than the requested hourly rate

or cuts back the number of hours spent on the case, he must provide a concise but clear explanation of his reasons." *Id.* (citation and internal quotation marks omitted). However, "it is generally unrealistic to expect a trial court to evaluate and rule on every entry in an application." *Id.* at 98 (citations omitted).

According to Robbins' petition, they were initially represented by the firm of Henderson & Lyman,[1] which was paid a total of $22,761 in fees,[2] and then by attorney James Koch[3] who billed Robbins $1574.81. Robbins next retained attorney John J. Muldoon, III, who represented Robbins through the remainder of the case, including trial. Robbins entered into a contingency fee agreement with Muldoon, pursuant to which Muldoon would obtain one-third of any judgment; the fees under the agreement are calculated at $111,741.46.

Because of the contingency fee arrangement, Muldoon did not keep detailed time records in relation to his representation of Robbins in this case. Muldoon states in his affidavit, however, that he was able to review the file and confirm that he expended no fewer than 686.542 hours of legal work on the matter. Muldoon's affidavit attaches an itemized list which provides the date, a description of the work performed, and the hours expended. Muldoon's affidavit asserts that the hours calculations are conservative and do not include hours that could not be corroborated.

Muldoon seeks to be compensated at the maximum hourly rate he charges, which is $300 per hour. Muldoon contends that the highest rate is justified in this complex case, which involved trading strategies for options on commodity futures contracts. Robbins

---

[1] The case was filed on December 19, 1997, and Henderson & Lyman were terminated as counsel on June 1, 1998.
[2] Henderson & Lyman originally billed Robbins more than $40,000, but Robbins negotiated a compromise payment of the lesser amount.
[3] Koch withdrew from the case on September 20, 2000.

3

also supports his request for a $300 hourly rate with affidavits of two other financial services practitioners who charge more than $300 per hour ($395 and $350 respectively) and who have worked with Muldoon, and both assert that the rate of $300 per hour is below the market rate for an attorney of his ability.

Having reviewed Muldoon's affidavit and itemized bill, the Court finds that the total hours expended are reasonable. Although this case was not always actively litigated during the time Muldoon represented Robbins, (and although discovery was complete by the time Muldoon appeared in the case), he filed summary judgment motions, engaged in other motion practice, attended numerous court appearances, and spent many hours in trial preparation and at trial. The Court finds that a total of 686.542 hours expended over the course of more than six years, through and including an almost two-week trial, is reasonable. Moreover, a review of the itemized list of tasks does not reveal any unnecessary, redundant, or excessive entries.

The Court further concludes that the $300 per hour rate charged by Muldoon is reasonable. This case involved complex issues of fact and law, and Muldoon provided able representation of Robbins at trial.

The Court, however, declines to award the fees charged by Robbins' previous attorneys. While the fees are not necessarily excessive on their face, Robbins has not met its burden of demonstrating the reasonableness of the hours expended and hourly rate charged through itemized bills, affidavits, or other documentation. The Court has no basis on which to conduct a meaningful review and cannot award fees that lack corroboration.

## CONCLUSION

For the foregoing reasons, the Court grants the fee petition of Defendants/Counter-Plaintiffs Robbins Futures Inc. and Robbins Trading Co. [Doc. no 363] and awards fees in the amount of $205,962.60.[4]

SO ORDERED.                                   ENTERED:

DATE: 9/26/08

HON. MARIA VALDEZ
United States Magistrate Judge

---

[4] The petition incorrectly calculates Muldoon's fee as $204,680, but 686.542 hours multiplied by $300 per hour is $205,962.60.